This appeal comes to us from a judgment of conviction and imposition of sentence issued by the Lucas County Court of Common Pleas following the return of a jury's guilty verdict on a felonious assault charge. Because we conclude that the trial court did not err in the admission of evidence and appellant received the effective assistance of counsel, we affirm.
Appellant, Adorthy Moore, was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(2) and one count of aggravated burglary, in violation of R.C.2911.11(A)(1). Appellant pled not guilty to both charges.
At trial, three eyewitnesses testified that early on the morning of July 20, 1997, appellant entered the residence of his former girlfriend over the objections of one of the other occupants of the residence. Appellant walked into the bedroom where his ex-girlfriend and her new boyfriend were asleep. Appellant then attacked the boyfriend, stabbing him in the chest and leg with a pocketknife. When the boyfriend escaped and ran next door to have neighbors call for help, appellant fled to the basement of the house.
After police arrived, appellant was eventually found hiding in a crawl space. Witnesses who lived in the home noticed that he had changed into dark pants while in the basement — the pants he had on initially were light colored and had been supposedly stained with blood from the attack. Police officer Kujawa returned to the basement with two of the witnesses, who assisted in finding a light colored pair of pants under a pile of clothing near the washer. The pants were wet; the officer placed the clothing in a bag, tagging the evidence as "possible bloodstains."
At trial, Officer Kujawa acknowledged that no blood tests were ever performed on the stains. Over appellant's objections, the pants were, nevertheless, admitted into evidence. Appellant was found guilty of felonious assault and not guilty' of aggravated burglary. He was then sentenced.
Appellant now appeals, setting forth the following three assignments of error:
 "I. THE TRIAL COURT ERRED IN ADMITTING OPINION TESTIMONY FROM A WITNESS THE COURT HAS [SIC] NOT QUALIFIED AS AN EXPERT.
 "II. THE TRIAL COURT ERRED BY ALLOWING THE CLOTHING TO BE ENTERED INTO EVIDENCE BY THE STATE.
 "III. APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 I.
Appellant, in his first assignment of error, argues that the testimony of Officer Kujawa concerning the pants was improperly admitted. Failure to object to an error in the trial court in a criminal proceeding precludes the issue from being raised on appeal, unless the issue rises to the level of plain error. SeeState v. Underwood (1983), 3 Ohio St.3d 12, 13; State v. Long
(1978), 53 Ohio St.2d 91. Plain error is an obvious error or defect in the trial court proceedings, affecting substantial rights, which, "but for the error, the outcome of the trial court clearly would have been otherwise." See Crim.R. 52(B);State v. Underwood, supra; State v. Long, supra.
In the present case, appellant failed to object to the police officer's testimony at trial. However, even if an objection had been made, we would not be able to say that the trial court erred in permitting Officer Kujawa's testimony as to the bloodstains. A police officer may give non-expert testimony that a stain appeared to be blood, even where that stain had not been tested. See State v. Hopfer (1996), 112 Ohio App.3d 521,555-6, citing to State v. Stout (1987), 42 Ohio App.3d 38,42 (construing Evid.R. 701 that a lay person may give an opinion that is rationally based on his first-hand perception and is helpful to the understanding of his testimony or to the determination of a fact in issue). The fact that a police officer is unable to state with scientific certainty that the substance that appeared to him was, in fact, fresh blood goes to the weight rather than the admissibility of the evidence.State v. Brooks (1995), 101 Ohio App.3d 260, 266.
In this case, Officer Kujawa testified as to her first-hand perception of the pants at the time they were found. She opined as a lay witness (albeit a police officer) that the stains were wet blood. The officer could logically make this inference since two eyewitnesses had described the pants as being bloodstained and the pants were found shortly after the stabbing in close proximity to where appellant had been hiding. Through cross-examination, the jury was apprised that the pants had been tagged as "possible bloodstains" and that the stains were never tested. Officer Kujawa's testimony was properly admitted since it went to the weight rather than to the admissibility of the evidence; therefore, no error occurred.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
Appellant, in his second assignment of error, claims that the trial court improperly admitted the bloodstained pants because there was a break in the chain of custody and confusion as to who found the pants.
A chain of custody may be established by direct testimony or by inference. State v. Conley (1971), 32 Ohio App.2d 54, 62. It is well-settled that any break in the chain of custody goes to the credibility, or weight, of the evidence and not to its admissibility. State v. Reyes (Jan. 26, 1996), Wood App. No. WD-95-007, unreported, citing State v. Barzacchini (1994),96 Ohio App.3d 440, 458. The admission or exclusion of evidence is a matter within the sound discretion of the trial court. Statev. Morales (1987), 32 Ohio St.3d 252, 257.
In this case, no matter who initially found the pants, both the eyewitnesses and Officer Kujawa testified that the pants presented at trial were the same pants found in the basement after the stabbing. In addition, the officer also testified that, except for being more wrinkled, the pants were in substantially the same condition as when she initially took custody of them. Therefore, the trial court did not abuse its discretion in the admission of the pants as evidence.
Accordingly, appellant's second assignment of error is not well-taken.
 III.
Appellant, in his third assignment of error, argues that counsel's failure to object to the admission of the officer's testimony as to the bloodstained pants was a denial of effective assistance of counsel.
In order to prove ineffective assistance of counsel, an appellant must show 1) that defense counsel's representation fell below an objective standard of reasonableness, and 2) that counsel's deficient representation was prejudicial to defendant's case. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, citing Strickland v. Washington
(1984), 466 U.S. 668, 694.
Since we have determined that the officer's testimony was properly admitted, appellant has failed to establish that his counsel's representation fell below the required standard. Therefore, appellant has failed to demonstrate that he was denied effective assistance of counsel.
Accordingly, appellant's third assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ---------------------- JUDGE
James R. Sherck, J. ---------------------- JUDGE
Richard W. Knepper, J. CONCUR. ---------------------- JUDGE